IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RANDALL S. KRAUSE, | ) | |
| | ) | |
| Plaintiff, | ) | 8:16CV204 |
| | ) | |
| V. | ) | |
| | ) | MEMORANDUM |
| BOARD OF REGENTS OF THE | ) | AND ORDER |
| UNIVERSITY OF NEBRASKA, a | ) | |
| public body corporate, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on the Motion to Dismiss (Filing No. 21) submitted by Defendant Board of Regents of the University of Nebraska (the "Board"). For the reasons stated below, the Motion will be granted.

Plaintiff Randall S. Krause ("Krause"), proceeding *pro se*, seeks declaratory and injunctive relief under the Resource Conservation and Recovery Act, 42 U.S.C. § 6901 *et seq*. ("RCRA"). (Amended Complaint, Filing No. 16.) He alleges that the Board has violated RCRA's "prohibition against open dumping" by permitting the release of balloons during University of Nebraska football games. (*Id*. ¶ 3.) The Board argues that the Amended Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1), because the action is barred by principles of sovereign immunity under the Eleventh Amendment of the United States Constitution. In the alternative, the Board argues that the action should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6), because the release of balloons is not the "disposal of solid waste" under RCRA, 42 U.S.C. § 6945(a).

## FACTS

For purposes of the pending Motion, the facts alleged in Krause's Amended

Complaint are accepted as true, though the Court need not accept his legal conclusions. The following is a summary of those facts.

Krause is a resident of Omaha, Nebraska, who seeks to protect children. The Board has general supervisory control of the University of Nebraska, and its general operating policies. The Board permits fans at University of Nebraska football games to release thousands of helium-filled biodegradable latex balloons, and non-biodegradable ribbons, into the air to enhance the fan experience. The balloons rise into the atmosphere and travel in an easterly direction. They later burst or deflate and return to earth. The balloons do not bear any cautionary statement regarding the choking hazard they may pose to children under eight years of age, who could choke on balloon debris, or be strangled by ribbons.

## STANDARDS OF REVIEW

### Fed. R. Civ. P. 12(b)(1)

A motion under Federal Rule of Civil Procedure 12(b)(1) challenges whether the Court has subject matter jurisdiction to hear the matter. The party asserting jurisdiction bears the burden of proving that jurisdiction is proper. *Great Rivers Habitat Alliance v. FEMA*, 615 F.3d 985, 988 (8th Cir. 2010). The Court, however, has "wide discretion" to decide the process with which its jurisdiction can best be determined. *Johnson v. United States*, 534 F.3d 958, 964 (8th Cir. 2008) (internal quotation marks omitted) (quoting *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995)). It "has the authority to dismiss an action for lack of subject matter jurisdiction on any one of three separate bases: '(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the

record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.'" *Id.* at 962 (quoting *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)); *see also Jessie v. Potter*, 516 F.3d 709, 712 (8th Cir. 2008) ("Motions to dismiss for lack of subject-matter jurisdiction can be decided in three ways: at the pleading stage, like a Rule12(b)(6) motion; on undisputed facts, like a summary judgment motion; and on disputed facts.").

**Fed. R. Civ. P. 12(b)(6)**

"To survive a motion to dismiss, the factual allegations in a complaint, assumed true, must suffice 'to state a claim to relief that is plausible on its face.'" *Northstar Indus., Inc. v. Merrill Lynch & Co.*, 576 F.3d 827, 832 (8th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[A]lthough a complaint need not include detailed factual allegations, 'a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *C.N. v. Willmar Pub. Sch., Indep. Sch. Dist. No. 347*, 591 F.3d 624, 629–30 (8th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555). "Instead, the complaint must set forth 'enough facts to state a claim to relief that is plausible on its face.'" *Id*. at 630 (quoting *Twombly*, 550 U.S. at 570).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ritchie v. St. Louis Jewish Light*, 630 F.3d 713, 716 (8th Cir. 2011) (internal

quotation marks omitted) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Courts must accept . . . specific factual allegations as true but are not required to accept . . . legal conclusions." *Outdoor Cent., Inc. v. GreatLodge.com, Inc.*, 643 F.3d 1115, 1120 (8th Cir. 2011) (internal quotation marks omitted) (quoting *Brown v. Medtronic, Inc.*, 628 F.3d 451, 459 (8th Cir. 2010)). When ruling on a defendant's motion to dismiss, a judge must rule "on the assumption that all the allegations in the complaint are true," and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 555–56 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). The complaint, however, must still "include sufficient factual allegations to provide the grounds on which the claim rests." *Drobnak v. Andersen Corp.*, 561 F.3d 778, 783 (8th Cir. 2009).

## DISCUSSION

"[A]bsent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State." *Va. Office for Protection and Advocacy v. Stewart*, 563 U.S. 247, 254 (2011).

Both the Nebraska Supreme Court and the U.S. Court of Appeals for the Eighth Circuit have held that the Board is a state agency with sovereign immunity under the Eleventh Amendment. *See Doe v. Bd. of Regents of the Univ. of Neb.*, 788 N.W.2d 264, 281 (Neb. 2010) ("[T]he Board and the University of Nebraska are state agencies."); *Becker v. Univ. of Neb. at Omaha*, 191 F.3d 904, 908 (8th Cir. 1999) ("[T]he University of Nebraska and its institutions are considered an arm of the State of Nebraska for purposes of the Eleventh Amendment."). The State of Nebraska has not waived its sovereign

immunity or consented to suit in federal court.  *See Becker,* 191 F.3d at 908 (citing *Santee Sioux Tribe v. Nebraska*, 121 F.3d 427, 430–31 (8th Cir. 1997)).

Krause does not dispute that the Board is an instrumentality of the State of Nebraska, with Eleventh Amendment sovereign immunity from suit.[1]  Nor does he suggest that the State of Nebraska has waived its sovereign immunity or consented to suit in federal court.  Instead, he argues that Congress abrogated states' Eleventh Amendment sovereign immunity through the enactment of RCRA.

"Congress' intent to abrogate the States' immunity from suit must be obvious from 'a clear legislative statement.'"  *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 55 (1996) (quoting *Blatchford v. Native Village of Noatak*, 501 U.S. 775, 786 (1991)).  A general authorization for suit in federal court, or a grant of jurisdiction to hear a claim, is not the "kind of unequivocal statutory language sufficient to abrogate the Eleventh Amendment." *Id*. at 56 (quoting *Atascadero State Hospital v. Scanlon*, 473 U.S. 234, 238–39 (1985)).

Because Krause is the party asserting jurisdiction, he bears the burden of proving that jurisdiction is proper.  *Great Rivers Habitat Alliance,* 615 F.3d at 988.  He refers this Court to 42 U.S.C. § 6972(a), which provides in pertinent part:

[A]ny person may commence a civil action on his own behalf–

(1)(A) against any person (including (a) the United States, and (b) any other governmental instrumentality or agency, to the extent permitted by the eleventh amendment to the Constitution) who is alleged to be in violation of any permit, standard, regulation, condition, requirement, prohibition, or order

---

[1] Although Krause seeks only declaratory and prospective injunctive relief, he has brought suit against an instrumentality of the State of Nebraska, not individual public officials.  Accordingly, the limitation on sovereign immunity first recognized in *Ex parte Young,* 209 U.S. 123 (1908), is inapplicable.  "[W]hen a federal court commands a state official to do nothing more than refrain from violating federal law, he is not the State for sovereign-immunity purposes."  *Stewart*, 563 U.S. at 255 (citing *Pennhurst State School and Hospital v. Halderman,* 465 U.S. 89, 101 (1984)).

which has become effective pursuant to this chapter; or

(B) against any person, including the United States and any other governmental instrumentality or agency, to the extent permitted by the eleventh amendment to the Constitution, and including any past or present generator, past or present transporter, or past or present owner or operator of a treatment, storage, or disposal facility, who has contributed or who is contributing to the past or present handling, storage, treatment, transportation, or disposal of any solid or hazardous waste which may present an imminent and substantial endangerment to health or the environment . . . .

This Court concludes that the clear language of 42 U.S.C. § 6972(a) demonstrates Congress did *not* intend to abrogate states' sovereign immunity from suit. Other courts that have addressed this issue have reached the same conclusion. *See Burnette v. Carothers*, 192 F.3d 52, 57 (2d Cir. 1999) ("[RCRA's] provisions do not unequivocally express Congress's intent to abrogate sovereign immunity and subject states to suit. Far from evidencing a Congressional intent to do away with sovereign immunity, these provisions are expressly limited by the Eleventh Amendment."); *Rowlands v. Pointe Mouillee Shooting Club*, 959 F. Supp. 422, 426 (E.D. Mich. 1997), *aff'd*, 182 F.3d 918 (6th Cir. 1999) ("By enacting RCRA, Congress did not abrogate the states' Eleventh Amendment immunity."); *Murtaugh v. New York,* 810 F. Supp.2d 446, 470 (N.D.N.Y. 2011) (quoting *Burnette*, 192 F.3d at 57).

Accordingly, the Board's Motion to Dismiss will be granted pursuant to Fed. R. Civ. P. 12(b)(1), and the Court will not address the issues raised in the Board's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

IT IS ORDERED:

1. The Motion to Dismiss (Filing No. 21) submitted by Defendant Board of Regents of the University of Nebraska is granted;

2. The Plaintiff's Amended Complaint (Filing No. 16) is dismissed, with prejudice;

3. The parties will bear their own costs and attorney fees; and

4. A separate Judgment will be entered.


DATED this 15th day of July, 2016.


BY THE COURT:

S/Laurie Smith Camp
Chief United States District Judge